STATE EX REL. JAMES S. MANNING, ATTORNEY-GENERAL, v. RÀMA RURAL COMMUNITY OF MECKLENBURG COUNTY.

(Filed 30 November, 1921.)

1. **Corporations—Rural Communities—Statutes—Secretary of State—Petitions—School Districts—Certificate of Incorporation.**

Our statutes providing for the incorporation of rural communities require, among other things, that such communities shall embrace "in area one entire school district," and that allegation to that effect be made as a part of the petition for incorporation; and that the Secretary of State shall issue the certificate if the petition is in proper form: *Held*, where it is admitted by the demurrer to the complaint in an action by the State on the relation of the Attorney-General, that though the certificate was in due form and according to the statute, it misstated the extent of the area sought to be incorporated, or that it embraced parts of three school districts, the false representations as to the statutory requirements is of the substance, and the certificate issued thereon will be declared of no effect. C. S., 7380, 7381.

2. **Same—Suits—Actions—Attorney General—Parties.**

The right of action is given the Attorney-General, on the relation of the State, to annul a certificate of incorporation of a rural community when the petition upon which the Secretary of State has issued the certificate misrepresents that the area of the community to be incorporated extended only to that of "one entire school district," C. S., 7380, 7381, under the provisions of section 1187, authorizing the Attorney-General to bring action when a certificate of incorporation has been procured upon "a fraudulent suggestion or concealment of a material fact by the persons incorporated, or by some of them, or with their knowledge or consent," etc.

3. **Corporations—Rural Communities—Secretary of State—Certificates—Fraud—Suits—Actions.**

Where it is made to appear that a rural community authorized to have been incorporated under the provisions of C. S., 7380-7381, has, contrary to the matter set out in the petition, attempted to incorporate within the area parts of several school districts, it is not necessary in the suit to have the certificate of the Secretary of State declared invalid, that the misrepresentations should have been made with a corrupt purpose or with intent to deceive on the part of the petitioners, for it is sufficient if they have made a false statement of this essential fact, or withheld the correct information with knowledge of its existence, as such would amount to legal fraud in contemplation of the statute.

4. **Same—Courts—Jurisdiction.**

It is within the jurisdiction of the courts of this State to determine whether the legislative rules and regulations in regard to the incorporation of companies by the Secretary of State have been complied with on the question of whether, as in the case of incorporating rural communities, under C. S., 7380, etc., the procedure has validly been in accordance with the statute, and free from actual fraud, or fraud in law.

CIVIL ACTION, heard on demurrer to complaint before *Ray, J.,* at October Term, 1921, of MECKLENBURG.

The action is instituted by the State on relation of the Attorney-General to annul the charter of the Rama Rural Community on the grounds alleged in the complaint, that the requirements of the statute under which the charter purported to have been issued, C. S., 7380, had not been complied with, and that on the facts presented the alleged charter was not authorized by said statute. The complaint, among others, containing allegations that the petitioners in their written application for the charter had made it appear that the proposed community embraced one entire school district, and had concealed from the Secretary of State the essential fact that it contained parts of three school districts in said county, each of which constituted a separate special school tax district in said county, the said statute providing that a charter of this kind in question may only be issued for territory embracing one entire school district.

Defendants demurred, and for the reasons chiefly: (1) That the courts are without jurisdiction to question the acts of the Secretary of State in issuing the charter, or his findings of fact concerning the same; (2) that relator of plaintiff has no legal right to maintain the action; (3) that the complaint does not contain facts sufficient to justify the relief sought nor any other relief within the scope of the pleadings, etc.

Judgment overruling the demurrer, and defendant excepted and appealed.

*John M. Robinson, Edgar W. Pharr, and Pharr, Bell & Sparrow for plaintiff.*

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*T. L. Kirkpatrick, H. L. Taylor, Clarkson, Taliaferro & Clarkson, Thomas W. Alexander, and Jake F. Newell for defendant.*

HOKE, J. Chapter 123 provides for incorporation of rural communities on petition of a majority of their registered voters, and when embracing "in area one entire school district." Section 7380, the first of the chapter, requires this allegation as a part of the petition, and section 7381 provides that the Secretary of State, to whom the petition shall be addressed, shall issue the certificate of incorporation if the petition is in due form. It thus appears that this privilege is only conferred upon communities of the kind described, and it being admitted by the demurrer that the defendant, the community in question here, is composed not of one entire school district, but of parts of three different school districts. The petitioners have not brought themselves within the terms of the statute and the certificate of incorporation has been issued without warrant of law. The position that only communities embracing

in area "one entire school district" have the right of incorporation under the law finds full support, if any were needed, from a stipulation in section 7380, that, "After any school district has been incorporated under the provisions of this article, the boundaries of such school district may be changed only in the manner prescribed by law for changing the lines of a special school-tax district except that the county board of education shall proceed to enlarge such boundaries in accordance with law and on written request of a majority of the *school committeemen or trustees of said school district,* and a written request of a majority of the board of directors of the incorporated rural community." Thus, again showing the intent of the Legislature that the territorial boundaries as designated should be considered of the substance and essential to a valid incorporation under the law, a principle of interpretation recognized and approved in an opinion of the Court at the present term, in *Woosley v. Comrs., ante,* 429.

It was chiefly insisted for the defendant that the demurrer should be sustained from lack of authority in the Attorney-General as relator to institute and maintain the action. It was formerly held that the Attorney-General, of his own motion and without legislative sanction, could not bring an action to vacate a legislative charter. Under the present law, however, this authority has been provided for in certain designated instances appearing in C. S., 1187. As appertaining to the question presented here, this power was given in terms as follows: "An action may be brought by the Attorney-General in the name of the State against a corporation for the purpose of annulling its charter upon the ground that it was procured upon a fraudulent suggestion or concealment of a material fact by the persons incorporated or by some of them, or with their knowledge or consent," etc.

Among the other allegations pertinent to the inquiry, the complaint, in section VII, contains the following:

That the said purported certificate of incorporation of the defendant Rama Rural Community of Mecklenburg County, a copy of which is attached hereto as "Exhibit B," is absolutely null and void, and the attempted incorporation of said community is of no effect for the reasons that:

(a) The boundaries of the said Rama Rural Community of Mecklenburg County did not, at the time of the application for or issuance of said certificate, and does not now, embrace in area one entire school district, as provided by law, but, on the contrary, the said boundaries did, and still do, embrace parts of Progress School District, the Sardis School District, and the Oak Grove School District, as stated in paragraph six above, the same being three separate and distinct school districts of Mecklenburg County.

(b) The said certificate of incorporation was procured upon the suggestion of a material fact by the persons purporting to be thus incorporated, or by some of them, or with their knowledge and consent, in that it was suggested to the Secretary of State, for the purpose of obtaining said certificate of incorporation, that the boundaries of said Rama Rural Community of Mecklenburg County embraced in area one entire school district, when as a matter of fact the said boundaries, to the knowledge of said incorporators, or some of them, embraced parts of three separate and distinct school districts of Mecklenburg County.

(c) The said certificate of incorporation was procured upon the failure to disclose a material fact by the persons purporting to be incorporated, or by some of them, or with their knowledge and consent, in that the said certificate of incorporation was obtained by a failure to disclose to the Secretary of State the fact that the boundaries of the said Rama Rural Community of Mecklenburg County did not embrace in area one entire school district, but, on the contrary, embraces parts of three separate and distinct school districts.

(d) By the express provisions of chapter 223 of the Consolidated Statutes, under which the said Rama Rural Community purports to have been incorporated, the people of a rural community can be incorporated only upon the condition that said community embraces in area one entire school district, and inasmuch as the purported incorporation of the defendant attempted to incorporate a community which embraced parts of three separate and distinct school districts of Mecklenburg County the said attempted incorporation is utterly irregular, illegal, and null and void.

(e) In obtaining said certificate of incorporation, the signers thereof purported to be incorporating a school district, designated as Rama Rural Community School District, when as a matter of fact there was not and never has been such a school district in Mecklenburg County.

Upon these averments, admitted by the demurrer to be true, it appears that this charter has been obtained upon the false suggestion that the community consisted of one entire school district, and on concealment of the real conditions that in fact and truth it was composed of parts of three separate and distinct school districts of Mecklenburg County, and that these facts were known to the said petitioners, or some of them.

It is not necessary that there should be a corrupt purpose or intent to deceive on the part of the petitioners, but a false statement as of an essential fact or the withholding of essential facts with knowledge of their existence on the part of the petitioners, or some of them, would, in our opinion, constitute a legal fraud within the purview of this statute and justify a maintenance of the action.

The suggestion that the Court is without jurisdiction to examine into and decide the question presented, because the exclusive power over the subject is vested in the Legislature, cannot be maintained. It is true that under our system of government the power to create corporations and to establish proper rules for these regulations and control is with the General Assembly, Clark on Corporations, pp. 33-34, and it is also true that in the exercise of that power they can confer on the courts, and have done so in this instance, authority and jurisdiction to inquire and determine whether in a given instance their rules have been complied with, this last being distinctly and clearly a judicial question. *In re Applicants for License,* 143 N. C., 1-6. There is no error in overruling the demurrer, and the judgment to that effect is

Affirmed.